UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENT ALLEN SWALLERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-02090-WTL-TAB |
| | ) | |
| MIKE PENCE, | ) | |
| JOHN LAYTON, | ) | |
| ANDREW WHITMIRE, | ) | |
| MARION COUNTY PUBLIC HEALTH | ) | |
| DEPT., | ) | |
| MARION COUNTY CIVL COURT 49D04-1409-CT-032348, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion for Judgment on the Pleadings**

The Marion County Health Department and its employee Andrew Whitmire (collectively "MCHD" or "agency") are among the five defendants in this action brought by Brent Swallers. The MCHD has filed both an answer to the complaint and a motion for judgment on the pleadings. Swallers has filed a response to the motion for judgment on the pleadings and the MCHD has filed a reply.

**"**Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth in the complaint 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts

are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Vinson v. Vermilion Cnty., Ill.,* No. 12-3790, 2015 WL 343673, at *3 (7th Cir. Jan. 27, 2015)(some internal quotations and citations omitted). A dismissal under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and for judgment on the pleadings under Rule 12(c) both employ the same standard: the complaint must state a claim that is plausible on its face. *Adams v. City of Indianapolis,* 742 F.3d 720, 727–28 (7th Cir.), *cert. denied,* 135 S. Ct. 286 (2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although a court draws all reasonable inferences and facts in favor of the nonmovant, it need not accept as true any legal assertions. *Vesely v. Armslist LLC,* 762 F.3d 661, 664–65 (7th Cir. 2014).

The MCHD is mentioned only once in the amended complaint. Swallers states that on October 2, 2014, that the MCHD filed a paper issuing orders to clean property (real estate) without Swallers' warrant or consent. As the agency points out, this is conduct it is permitted by state statute to take. IND. CODE § 16-22-8-31(b). Furthermore, there is no allegation and no suggestion that the agency acted improperly or that its conduct caused Swallers injury of any sort. In opposing the motion for judgment on the pleadings Swallers suggests that agents of the MCHD went onto his property to place the notice where he was likely to find it. His claim that this caused his "imprisonment" is frivolous. As far as can be determined, therefore, Swallers has sued the MCHD for having taken action it is authorized to take. Because this allegation does not support a plausible claim of misconduct, the MCHD's motion for judgment on the pleadings [dkt 9] is **granted.**

In responding to the agency's motion, the plaintiff seeks the entry of judgment "against the defendants." Because there is no statement showing his entitlement to judgment against the defendants, Swallers' request for such a ruling is denied.

No partial final judgment shall issue at this time as to the claims dismissed in this Entry.

IT IS SO ORDERED.

Date: 2/17/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241

Electronically Registered Counsel